UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO JIMENEZ, on behalf of himself, individually, and on behalf of all others similarly-situated,

Plaintiff,

-against-

SRC COLLISION, INC., d/b/a CMB COLLISION, and NICHOLAS CASPARE, individually,

Defendants.

**COMPLAINT**

**Docket No.: 20-cv-8946**

Jury Trial Demanded

Plaintiff, MARIO JIMENEZ, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against SRC COLLISION, INC., d/b/a CMB COLLISION ("CMB"), and NICHOLAS CASPARE, individually ("Caspare"), (together, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.    This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL and the NYCRR, NYLL § 652, 12 NYCRR § 142-2.1; (iv) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate for those days when their employees' spread of hours exceeds

1

ten in a workday, NYLL § 652, 12 NYCRR § 142-2.4; (v) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); and (vi) any other claim(s) that can be inferred from the facts set forth herein.

2.      Plaintiff worked for Defendants - - a New York corporation that provides auto body repair services in the Bronx, and its owner and Chief Executive Officer ("CEO") who oversees the business on a day-to-day basis - - as a painter from March 2008 through May 17, 2020.

3.      As described below, throughout the entirety of Plaintiff's employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action, plus an additional 216 days pursuant to New York Executive Order No. 202.8 and any extensions thereof through and including New York Executive Order No. 202.67 through the end of Plaintiff's employment ("the relevant period"), Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to him under the FLSA and the NYLL.  Specifically, during the relevant period, Defendants required Plaintiff to work, and Plaintiff did work, approximately fifty-eight and one-half hours each week, yet Defendants failed to pay Plaintiff overtime compensation at the statutorily-required rate of one and one-half times his regular rate of pay, or one and one-half times the minimum wage, if greater, for *any* hours that Plaintiff worked over forty in a week.  Instead, Defendants paid Plaintiff at a fixed rate of $100.00 per day regardless of the total hours that Plaintiff worked in a day or week, and Defendants therefore did not pay Plaintiff overtime premiums for the hours that he worked over forty in a week, in violation of the overtime provisions of the FLSA and the NYLL.

4.    Defendants further violated the NYLL and the NYCRR throughout the relevant period by failing to: compensate Plaintiff at least at the statutorily-required minimum wage rate for all hours that Plaintiff worked each week; pay Plaintiff spread-of-hours compensation of one hour's pay at the minimum wage rate for all days when his workday exceeded ten hours from beginning to end; and provide Plaintiff with any wage statements on each payday, let alone accurate ones.

5.    Defendants paid and treated all of their non-managerial painters in the same manner.

6.    Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA.  Plaintiff brings his claims under New York law on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

7.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8.    Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9.      At all times during the relevant period, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10.     At all times during the relevant period, Defendant CMB was and is a New York corporation with its principal place of business located at 4124 Boston Post Road, Bronx, New York 10475.

11.     At all times during the relevant period, Defendant Caspare was and is the owner, CEO, and day-to-day overseer of CMB.  In that role, Caspare manages and oversees the day-to-day operations of CMB, and was and is ultimately responsible for making all managerial and personnel-related decisions for CMB, including but not limited to the hiring and firing of all employees and the setting of employees' hours, rates, and methods of pay, including those decisions with respect to Plaintiff.   He is also responsible for maintaining employment records for all employees.

12.     At all times during the relevant period, Defendants were and are "employers" within the meaning of the FLSA and the NYLL.  Additionally, Defendant CMB's qualifying annual business exceeded and exceeds $500,000, and CMB was and is engaged in interstate commerce within the meaning of the FLSA as it employs two or more employees, and as it frequently worked on vehicles and to do so utilized and utilizes materials, supplies, tools, and auto parts, which originate in states other than New York, the combination of which subjects CMB to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants as a painter, or other similar position, and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

14.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15.     At all times during the relevant period, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

16.     Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17.     Defendant CMB provides auto body repair services in the Bronx.

18.     Defendant Caspare was and is Defendant CMB's owner, CEO, and day-to-day overseer, who in that role, manages and oversees the day-to-day operations of Defendant CMB, and who controls the terms and conditions of employment for all of Defendant CMB's employees. To that end, Caspare personally hired Plaintiff, determined his rate of pay and work schedule, and managed and supervised and assigned to Plaintiff his day-to-day activities.

19.     Plaintiff worked for Defendants in their Bronx autobody shop as a painter from March 2008 through May 17, 2020.  As a painter, Plaintiff's primary job duties consisted of preparing vehicles for, and actually painting those vehicles, as well as performing various body work such as removing dents and repairing other vehicle body damage.

20.     Throughout at least the relevant period, Defendants required Plaintiff to work, and Plaintiff did generally work, six days each week, Monday through Saturday.

21.     Specifically, from Monday through Friday, Defendants typically required Plaintiff to begin work between 7:30 a.m. and 8:00 a.m., and to continue working until 7:00 p.m. for one-to-two days per week, until 6:30 p.m. two-to-three days per week, and until 6:00 p.m. about once per week, with a one-hour scheduled uninterrupted break each day.  On Saturdays, Defendants required Plaintiff to work from 8:00 a.m. until 3:00 p.m. without any scheduled or uninterrupted breaks.

22.     Thus, at all times throughout the relevant period, Defendants required Plaintiff to work, and Plaintiff did in fact generally work, between fifty and fifty-eight and one-half hours per week, for an average of fifty-four hours per week.

23.     Throughout at least the relevant period, Defendants paid Plaintiff $100.00 per day, regardless of the number of hours that he worked each day or each week.  Thus, at no time during the relevant period did Defendants pay Plaintiff overtime premiums for any hours that he worked over forty in a week.

24.     Moreover, from January 1, 2017 through the end of his employment on May 17, 2020, Defendants failed to pay Plaintiff at least at the minimum wage rate for all hours worked.

25.     By way of example, from February 2, 2020 through February 8, 2020, Defendants required Plaintiff to work, and Plaintiff did work the following schedule:

Sunday, February 2, 2020: off;

Monday, February 3, 2020: 8:00 a.m. to 6:30 p.m.;

Tuesday, February 4, 2020: 7:30 a.m. to 6:30 p.m.;

Wednesday, February 5, 2020: 7:30 a.m. to 6:30 p.m.;

Thursday, February 6, 2020: 7:30 a.m. to 7:00 p.m.;

Friday, February 7, 2020: 8:00 a.m. to 6:00 p.m.; and

Saturday, February 8, 2020: 8:00 a.m. to 3:00 p.m.

Thus, after subtracting his break time, Plaintiff worked a total of fifty-six hours during that week. In exchange for his work that week, Defendants paid Plaintiff $600.00 - - $100.00 for each day. Thus, Defendants failed to pay Plaintiff any overtime compensation for the sixteen hours that he worked beyond forty in that week.

26.     Further, Defendants required Plaintiff to work shifts that exceeded ten hours from start to finish throughout his employment, usually four-to-five times per week, including during four days from February 2 through February 8, 2020, as described in the paragraph above, yet for those days failed to pay him an additional hour's pay at the applicable minimum wage rate.

27.    Defendants paid Plaintiff on a weekly basis, partially in cash and partially by check.

28.    On each occasion when Defendants paid Plaintiff, Defendants failed to furnish Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, his actual hours worked, his overtime rate and overtime wages owed, and his spread-of-hours wages owed for that week.

29.    Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

30.    Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

31.    Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

32.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

33.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

34.    As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

35.    As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

36.    Defendants willfully violated the FLSA.

37.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

38.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the NYLL and the NYCRR*

39.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

40.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay, or one and one-half time the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

41.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

42.     As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

43.     Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay, or one and one-half the minimum wage rate, if greater.

44.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

45.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     NYLL § 652(1) and NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

47.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

48.     As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-in to this action in accordance with the NYLL's and the NYCRR's minimum wage provisions.

49.     At the least, Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to pay at the minimum wage rate for all hours worked.

50.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Violation of the NYLL's and the NYCRR's Spread of Hours Requirement*

51.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum wage rate for any day worked in which their spread of hours exceeds ten.

53.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-in to this action are employees within the meaning of the NYLL and the NYCRR.

54.     As also described above, Plaintiff and any FLSA Plaintiff who opts-in to this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

55.     Plaintiff and any FLSA Plaintiff who opts-in to this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum wage rate, for any day worked in which their spread of hours exceeded ten.

56.     Plaintiff and any FLSA Plaintiff who opts-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

57.     Plaintiff and any FLSA Plaintiff who opts-in to this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59.     As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-in to this action with any wage statements, let alone ones that accurately contained the criteria required under the NYLL.

60.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

61.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-in to this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.      All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

g.      Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

h.      Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.      Pre-judgment and post-judgment interest, as provided by law; and

13

j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court

finds necessary and proper.

Dated:  New York, New York
        October 26, 2020

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel. (212) 679-5000
Fax. (212) 679-5005

By:  _____

MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)